IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cr-75

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| ) | |
| ARILEYDA AMPARO (1) ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon the defendant's Motion for Revocation of Magistrate Judge's Detention Order, pursuant to 18 U.S.C. § 3145(b), (Doc. No. 103), and the government's response, (Doc. No. 105).

The defendant was indicted with others on March 15, 2011, for an alleged $2,500,000 tax refund fraud conspiracy. (Doc. No. 37: Indictment). The defendant was detained by a magistrate judge after a hearing on October 26, 2011. (Doc. No. 99: Order). At the hearing, the government proffered that the defendant fled to the Dominican Republic with her children upon learning that law enforcement agents had a warrant for her arrest. Defense counsel noted the defendant notified the government when she planned to return to the United States and has no previous criminal history. The magistrate judge found that the defendant's eight-month fugitive status, coupled with no current residence and employment, established by a preponderance of the evidence that there was a serious risk that the defendant would not appear as required. (Doc. No. 99: Order).

A district court is required to make an independent, de novo determination when acting on a motion to revoke or amend a magistrate judge's pretrial detention order. United States v. Stewart, 19 F. App'x 46, 48 (4th Cir. 2001)(citing United States v. Rueben, 974 F.2d 580, 585-86 (5th Cir. 1992). However, a district court is not required to hold an additional evidentiary hearing

as part of its review. United States v. King, 849 F.2d 485, 489-90 (11th Cir. 1988); United States v. Hare, 873 F.2d 796, 799 (5th Cir. 1989). After conducting its independent review, a district court may explicitly adopt the magistrate judge's order without making duplicate findings or may state additional reasons supporting pretrial detention. King, 849 F.2d at 490-91.

Here, the Court has carefully conducted a de novo review of the evidence presented before the magistrate judge and the entire record in this case. The Court finds the magistrate judge's factual findings and legal conclusions were correct. While a defendant is presumed innocent until proven guilty, the proffered evidence against the defendant is strong and she faces a lengthy sentence under the guidelines if convicted. 18 U.S.C. § 3142(g)(2). The defendant's flight with her children after actual notice of an outstanding warrant demonstrates both the ability and willingness to avoid prosecution. 18 U.S.C. § 3142(g)(3). Additionally, her decision to discontinue use of her cell phone on the day agents arrested co-defendants, which prevented agents from tracking her, weighs against the effectiveness of conditions to assure her appearance as required. Her strong family ties in the Dominican Republic and alleged use of false identity information increase the chances that she could successfully leave the United States. Thus, the Court adopts the magistrate judge's Order of Detention Pending Trial (Doc. No. 99) in its entirety.

**IT IS, THEREFORE, ORDERED** that the defendant's Motion to Revoke the Detention Order (Doc. No. 103) is **DENIED** because the evidence establishes that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney, the United States Marshals Service, and the United States Probation office.

Signed: December 21, 2011

Robert J. Conrad, Jr.
Chief United States District Judge